IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON AERO INC., | Case No.: 3:21-cv-01178-AN |
| Plaintiff, | |
| v. | |
| NAVIGATORS INSURANCE COMPANY, | OPINION AND ORDER |
| Defendant. | |

Plaintiff Oregon Aero, Inc. brings this action against defendant Navigators Insurance Company alleging negligence *per se*. Plaintiff moves to compel nonparties BPS Washington, Inc. ("BPS") and John Rising ("Rising") to produce documents requested in subpoenas and for attorney fees and costs associated with bringing this motion. For the reasons that follow, the motion is GRANTED.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) limits the scope of discovery as follows:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)), *superseded by statute on other grounds*. The court has "broad discretion" to determine whether information sought is relevant for discovery purposes. *Id.*

A party may serve a subpoena commanding attendance at a deposition or the production of

1

documents or other things. Fed. R. Civ. P. 45(a). If the subject of the subpoena fails to appear or produce documents or other things, the party may move for an order compelling a discovery response. Fed. R. Civ. P. 37(a)(3)(B). The movant has the initial burden of demonstrating the relevance of the discovery sought; the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted. *United States v. McGraw-Hill Cos.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). The court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the proposed discovery is outside the scope permitted by FRCP 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, the court must not order payment if the movant filed before attempting in good faith to obtain the discovery, the objection to discovery was substantially justified, or other circumstances make an award of expenses unjust. *Id.*

## BACKGROUND

Plaintiff alleges that defendant negligently failed to timely investigate and issue a decision on an insurance claim in violation of Oregon Revised Statutes ("ORS") § 746.230. The loss that is the subject of the insurance claim was allegedly caused by employee theft. Plaintiff alleges that an attorney it employed, Chris James ("James"), stole no less than $3,379,598.29 by unlawfully taking plaintiff's money, fraudulently obtaining loans in its name, and disbursing those loans to himself, James Law Group, LLC, or third parties. First Am. Compl. ("FAC"), ECF [25], ¶ 10.

On October 12, 2022, District Judge Michael W. Mosman stayed this case until January 17, 2024, after the Oregon Supreme Court issued its decision in *Moody v. Oregon Community Credit Union*, 371 Or. 772, 542 P.3d 24 (2023). Order of October 12, 2022, ECF [32]; Order of January 17, 2024, ECF [39]. Defendant then filed a motion for summary judgment on the viability of the *Moody* negligence *per se* claim, which the Court denied. Op. & Order of March 31, 2025, ECF [71]. The Court recognized that

the claim was viable under *Moody* and that there were certain genuine disputes as to material facts, such as the cause and foreseeability of plaintiff's loss. As relevant to James, the Court found that there was a dispute as to whether James was the cause of plaintiff's loss. *Id.* at 10-11.

Prior to the stay, James, as a nonparty, moved to quash or modify a subpoena served by plaintiff on nonparty U.S. Bancorp requesting production of documents related to James and the James Law Group. Mot. to Quash, ECF [27]. He was represented in that motion by attorney Graham Sweitzer. Judge Mosman denied the motion, noting that a nonparty does not have standing to quash a subpoena issued to a different nonparty, and that even if he did, James had not shown that the subpoena posed an undue burden or required disclosure of privileged or confidential information. Order of October 12, 2022, ECF [32].

Plaintiff served subpoenas on BPS and Rising on September 15, 2023. Pl. Mot. to Compel ("MTC"), ECF [62], at 2; *see* Decl. Paul A. Mockford ("Mockford Decl."), ECF [63], Exs. 1-2. The documents requested from BPS are, in full:

> "1. Any and all Documents and Communications regarding 'BPS Washington 401K Profit Sharing Plan and Trust' from February 1, 2010, to present.
> 2. Any and all Documents and Communications between You and Chris James from February 1, 2010, to present.
> 3. Any and all Documents and Communications between You and Gregory Funding related to Chris James or the Oregon entities James Law Group, LLC, CDMED, LLC, or DDAJ Corporation, from February 1, 2010, to present.
> 4. Any and all Documents or Communications relating to any work performed by on [sic] your behalf relating to the Oregon Aero Entities from February 1, 2010, to present.
> 5. Any and all Documents or Communications which otherwise relate to, reference, or refer to Oregon Aero Entities."

Mockford Decl. Ex. 1, at 8. The documents requested from Rising are, in full:

> "1. Any and all Documents and Communications between You and Chris James from February 1, 2010, to present.
> 2. Any and all Documents and Communications relating to any proposals or contracts concerning Oregon Aero from February 1, 2010, to present.
> 3. Any and all Documents or Communications relating to any work performed by You or on Your behalf relating to the Oregon Aero Entities from February 1, 2010, to present.
> 4. Any and all Documents or Communications which otherwise relate to, reference, or refer to Oregon Aero Entities."

*Id.* at Ex. 2, at 7.

On October 18, 2023, Sweitzer, who has previously appeared in this matter as counsel for

James, wrote to plaintiff to say that he represented BPS and Rising and that they were objecting to the subpoenas on the grounds that they request the production of documents that are subject to attorney-client privilege or work product doctrine, are unduly burdensome and overbroad, and are not relevant or proportional. *See id.* at Exs. 3-4.

On January 4, 2024, plaintiff's counsel emailed Sweitzer to let him know that the Oregon Supreme Court had issued a decision in *Moody* and requested subpoena compliance. *Id.* at Ex. 5, at 9. He wrote that he had been trying to confer with Sweitzer's clients for "several months" and that if he did not receive a response soon, he would be forced to move to compel and seek fees. *Id.* Sweitzer responded that he had agreed to talk to his clients about "the scope of Chris James' representation of them" and said he had asked for written confirmation "that Oregon Aero, Mike Dennis and Jude Dennis confirm that they agree to waive any privilege associated with Chris James' former representation of them" but had not received it. *Id.*

Plaintiff's counsel asked for an explanation of James's attorney-client relationship with BPS and Rising and how that related to the subpoenas. *Id.* In a subsequent email, Sweitzer explained further: "Regarding the request of a waiver from your clients, Chris James has been and remains a client. Ever since your clients raised a claim against a theft policy based on legal fees charges by Chris James we've been requesting a written waiver of the privilege as to both Oregon Aero and the Dennis', so Chris can respond to inquiries and share information with the carrier. With discovery efforts ongoing in the claim of which Chris James is still the subject, Chris remains eager to share information from his file. Hence the renewed request for a waiver." *Id.* at 7. Plaintiff's counsel responded that a request from another client was not a reason to avoid responding to the subpoenas to BPS and Rising and again asked Sweitzer to provide "specifics on your assertion of the attorney-client privilege." *Id.* at 6.

Based on plaintiff's counsel's contemporaneous email memorandum, which was sent to Sweitzer, plaintiff's counsel met with Sweitzer on July 12, 2024, to discuss subpoenas issued to BPS, Rising, and a Leroy Goecks. At that meeting, Sweitzer stated that James had never represented BPS or Rising but raised an attorney-client privilege and work product objection. *Id.* at 4. The basis of that objection is not

4

clear from plaintiff's memorandum, and plaintiff's counsel "understood that [BPS and Rising] would not be withholding responsive documents based on this objection." *Id.* Sweitzer also objected that the subpoenas were vague and "overbroad and unduly burdensome" because they requested documents from as far back as 2010. *Id.* Plaintiff's counsel asserted that the time periods were reasonable given that Rising was plaintiff's "temp/interim CFO" in May 2013 and that Rising and BPS had a financial transaction with plaintiff in 2017. *Id.* The parties agreed to limit the category of each subpoena requesting documents and communications between the nonparty and James to documents and communications related to plaintiff. *Id.*

Plaintiff's counsel did not receive a response to the memorandum email, and wrote again on October 7 and 10, 2024, to remind Sweitzer that if the documents were not received by October 18, 2024, plaintiff would file a motion to compel. *Id.* at 2-3. Sweitzer responded that he was trying to comply, but was busy with a trial, and asked for an extension. *Id.* at 2. On October 28, 2024, plaintiff wrote asking for an update. On October 30, 2024, Sweitzer sent an email containing the "first batch of documents from Mr. Goecks" and stated that the next batch would be Goecks's correspondence, and the following batch would be documents from Rising and BPS. *Id.* at 1. No documents have been produced since. MTC 4. Plaintiff's counsel sent another email demanding production of the documents on January 21, 2025. Mockford Decl. Ex. 5, at 1.

Plaintiff filed the motion to compel on February 24, 2025, and served a copy on Sweitzer the same day. *See* MTC 8. On March 10, 2025, the deadline to file a response, Sweitzer moved for an extension of time to respond. *See* Mot. for Extension of Time, ECF [67]; Decl. Graham M. Sweitzer ("Sweitzer Decl."), ECF [63]. He explained that he had been in trial "in recent weeks" and had been unable to reach BPS or Rising. Mot. for Extension of Time 1-2. Sweitzer represented that although he "at one point was retained to assist" BPS and Rising "in responding to a subpoena served by Oregon Aero Inc. with written objections based on attorney-client privilege," he was uncertain if he was still counsel for BPS or Rising. Mot. for Extension of Time 2; Sweitzer Decl. ¶ 1. That motion was denied for failure to confer as required by Local Rule 7-1(a). Sweitzer did not renew the motion or file any response.

5

## DISCUSSION

Plaintiff moves to compel production of the documents requested in the subpoenas issued to BPS and Rising. It is unclear which, if any, objections BPS and Rising maintain, as it appears that they did agree to produce documents to plaintiff at the July 12, 2024, meeting and confirmed that commitment in Sweitzer's October 30, 2024, email.

To the extent that BPS and Rising object on the basis that the requests are vague, overbroad, or unduly burdensome, those objections are unavailing. The information sought is relevant and proportional to the needs of this case, which relates to allegations that James engaged in fraudulent business dealings while acting as plaintiff's counsel. BPS and Rising had business dealings with plaintiff and/or James in the relevant time period, and Rising worked for plaintiff during that period. The request, which is limited in scope to communications and documents regarding those business dealings with plaintiff and James, are tailored to the needs of the case and are not overbroad or unduly burdensome.

To the extent that BPS and Rising raise attorney-client privilege or work product objections, the basis for those objections is not evident. In an action based on diversity jurisdiction, state law governs assertions of attorney-client privilege. *Elizabeth Retail Props., LLC v. KeyBank Nat'l Ass'n*, No. 3:13-CV-02045-SB, 2015 WL 6549616, at *2 (D. Or. Oct. 28, 2015) (citing *Kandel v. Brother Int'l Corp.*, 683 F. Supp. 2d 1076, 1081 (C.D. Cal. 2010)). Under Oregon law, Oregon Evidence Code 503, codified in ORS § 40.225, governs attorney-client privilege assertions. *Crimson Trace Corp. v. Davis Wright Tremaine LLP*, 355 Or. 476, 485, 326 P.3d 1181 (2014). Oregon courts have established three requirements to assert a claim of privilege: 1) the communication must have been between a client and the client's lawyer; 2) it must have been a confidential communication; and 3) it must be "made for the purpose of facilitating the rendition of professional legal services to the client." *Id.* at 486. The privilege is waived if the person claiming it "voluntarily discloses or consents to disclosure of any significant part of the matter or communication." *Elizabeth Retail Props.*, 2015 WL 6549616, at *3 (quoting *State v. Taylor*, 247 Or. App. 339, 345, 268 P.3d 795 (2011)). The party asserting the privilege "bears the burden of proving that the privilege applies and that the privilege has not been waived." *A.F. v. Providence Health Plan*, 173 F.

6

Supp. 3d 1061, 1082 (D. Or. 2016) (quoting *United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009)).

The work product doctrine is governed by federal law in diversity cases and limits the discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]" Fed. R. Civ. P. 26(b)(3)(A); *see Kandel*, 683 F. Supp. 2d at 1083. It is a qualified immunity, not a privilege, that protects from disclosure "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Admiral Ins. Co. v. U.S. Dist. Court for the Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989); Fed. R. Civ. P. 26(b)(3)(B).

The subpoenas request all communications to and from BPS relating to the BPS Washington 401(k) Profit Sharing Plan and Trust, plaintiff, and work performed for plaintiff. The subpoenas also request communications specifically between BPS and James and between BPS and Gregory Funding. Similarly, the subpoenas request all communications to and from Rising relating to plaintiff, work performed for plaintiff, or proposals or contracts related to plaintiff, as well as communications between Rising and James. Sweitzer first appeared to object on the basis that James represented BPS and Rising. If that were the case, there is the potential for communications between them to be privileged. However, Sweitzer later stated that James had never represented BPS or Rising. At that point, the justification for raising the attorney-client and work product objections apparently shifted, with Sweitzer explaining that he was counsel for James, BPS, and Rising. There is no cognizable basis for raising an attorney-client privilege or work product objection because James, Rising, and BPS all share the same counsel for purposes of challenging subpoenas in this case. The subpoenas do not ask for communications between Sweitzer and the nonparties. Communications between BPS and James, BPS and Gregory Funding, and Rising and James would also waive any assertion of the privilege.

Plaintiff moves for attorney fees and costs associated with bringing this motion, arguing that there was no justification for the failure to produce documents and that it caused a lengthy delay. MTC 6-7. Plaintiff does not specify the amount of fees and costs and does not indicate whether BPS, Rising, or Sweitzer should be required to pay.

BPS, Rising, and Sweitzer failed to respond to subpoenas for over one and a half years. Despite apparently agreeing to produce documents nine months ago, the nonparties have not done so, and their counsel has not been responsive to plaintiff's emails. Plaintiff made numerous attempts to obtain the discovery in good faith and gave multiple warnings that it would file a motion to compel if discovery was not produced. BPS and Rising's objections and delay were not substantially justified, and no circumstances make an award of expenses unjust. Accordingly, fees and costs for bringing this motion shall be awarded. Plaintiff is directed to file a motion addressing the amount requested and the appropriate party or parties to pay within sixty days of this order.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel, ECF [62], is GRANTED. BPS Washington, Inc. and John Rising are ordered to comply with plaintiff's subpoenas. Plaintiff is directed to serve a copy of this order on BPS, Rising, and Sweitzer forthwith and file proof of service on the docket. Because it is unclear if Sweitzer represents BPS and Rising, plaintiff must serve separate copies of the order directly on each nonparty and on Sweitzer.

IT IS SO ORDERED.

DATED this 24th day of April, 2025.

_____
Adrienne Nelson
United States District Judge