IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON AERO INC., <br><br> Plaintiff, <br> v. <br><br> NAVIGATORS INSURANCE COMPANY, <br><br> Defendant. | Case No.: 3:21-cv-01178-AN <br><br> OPINION AND ORDER |

Plaintiff Oregon Aero Inc. brings this diversity action claiming negligence *per se* against defendant Navigators Insurance Company. Defendant contends that Oregon law bars plaintiff's claim for economic damages and moves the Court to certify questions to the Oregon Supreme Court, asking it to expand on its ruling in *Moody v. Oregon Community Credit Union*, 371 Or. 772, 542 P.3d 24 (2023). After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. *See* Local R. 7-1(d). For the reasons stated below, defendant's motion is DENIED.

## LEGAL STANDARD

Local Rule 83-14 governs certification of questions from the District of Oregon to the Oregon Supreme Court. In addition to establishing a procedural mechanism, the rule provides that "the Court is guided by the certification criteria set forth in *Western Helicopter Services Inc. v. Rogerson Aircraft Corporation*, 311 Or. 361, 811 P.2d 627 (1991)." L.R. 83-14(a). *Western Helicopter Services*, in turn, articulates five criteria for certifying a question to the Oregon Supreme Court:

> "(1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that 'may be determinative of the cause;' and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of [the Oregon Supreme Court] or the Oregon Court of Appeals."

311 Or. at 364 (quoting O.R.S. § 28.200). If any of these criteria are absent, this Court must deny certification. *Id.* at 366.

1

Even if all the criteria articulated in *Western Helicopter Services Inc.* are satisfied, the "'decision to certify a question to a state supreme court rests in the sound discretion of the district court." *Foraker v. USAA Cas. Ins. Co.*, No. 3:14-cv-87-SI, 2019 WL 486177, at *1 (D. Or. Feb. 7, 2019) (quoting *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003)). Certifying a question to the state supreme court has the benefit of "sav[ing] time, energy, and resources and help[ing] build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "Where that benefit is not needed or necessary, however, certification is not appropriate." *Foraker*, 2019 WL 486177, at *2. Therefore, a District Court may still exercise its discretion to deny a motion to certify if the proposed question is not particularly close, if there are "sufficient sources of state law. . . to allow a principled rather than conjectural conclusion," if certification would cause undue delay, or if the movant's litigation conduct counsels against certification. 17A Charles Alan Wright et al., Federal Practice & Procedure ("Wright & Miller") § 4248 (3d ed. 2025); *see Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009) (affirming denial of a motion to certify because state law was reasonably clear, there were useful authorities for the court to rely on, and further delay of proceedings was not justified).

## BACKGROUND

**A.    Procedural Background**

Plaintiff's first amended complaint alleges two counts of breach of an insurance contract (the "Policy") and one count of negligence *per se* against defendant. First Am. Compl. ("FAC"), ECF [25], ¶¶ 16-59. Although restated in the first amended complaint, plaintiff's breach of contract claims were previously dismissed. *See* Minutes of Proceeding of June 21, 2022, ECF [24]. In its only operative claim, plaintiff alleges that defendant's negligent investigation of its claims under the Policy violated provisions of Oregon Revised Statutes § 746.230 and caused plaintiff to "sustain[] substantial actual damages, consequential damages, and out-of-pocket expenses." FAC ¶ 57. The case was subsequently stayed for over a year, pending the Oregon Supreme Court's decision in *Moody v. Oregon Community Credit Union. See* Order of October 12, 2022, ECF [32]; Order of January 17, 2024, ECF [39].

Defendant filed a motion for summary judgment shortly after the stay was lifted, raising

2

two arguments that are relevant here. Def. Mot. for Summ. J. ("MSJ"), ECF [43]. First, that *Moody* "only allows emotional distress damages under very narrow circumstances and does not provide a [p]laintiff corporation with a cognizable claim for recovery of consequential economic damages in a commercial claim" and, second, that Policy exclusions prohibit the kinds of damages sought by plaintiff. *Id.* at 3-4.

The Court rejected both of those arguments and denied defendant's motion for summary judgment. *See* Order of March 31, 2025 ("MSJ Order"), ECF [71]. As to defendant's first argument, the Court concluded that "based on the Oregon Supreme Court's analysis" in *Moody*, "other types of damages claims" including those advanced by plaintiff "are now cognizable under a negligence per se theory based on the standard of care set forth in ORS § 746.230." *Id.* at 9-10. As to defendant's second argument, the Court relied on a decades-long line of Oregon Supreme Court cases to conclude that the Policy at issue here failed to meet the high bar to establish a contractual waiver of negligence damages. *Id.* at 12 (citing *Certain Underwriters at Lloyd's London v. TNA NA Mfg., Inc.*, 372 Or. 64, 66, 545 P.3d 736, 738 (2024) (en banc) (quoting *Waterway Terminals v. P.S. Lord*, 242 Or. 1, 19, 406 P.2d 556 (1965) (en banc))).

Nearly three months after the Court denied its summary judgment motion, defendant filed its motion to certify questions to the Oregon Supreme Court. *See* Def. Mot. to Certify Questions to the Oregon Supreme Court ("Def. Mot."), ECF [78]. Plaintiff responded in opposition, s*ee* Plf. Resp. to Def. Mot. ("Plf. Resp."), ECF [85], and defendant filed a reply in support of its motion, *see* Def. Reply in Supp. of Def. Mot. ("Def. Reply"), ECF [89].

**B.**     **Proposed Questions for Certification**

Defendant asks this Court to certify two questions to the Oregon Supreme Court:

"1. Does a commercial policyholder have a cognizable *Moody* claim for negligence *per se* under ORS 746.230 against its insurance carrier when its only damages are consequential economic damages, not emotional distress damages?

"2. Does *Moody* allow a commercial policyholder to assert a negligence *per se* claim for consequential economic damages where the policy contains an exclusion for consequential damages?"

Def. Mot. 6.

**DISCUSSION**

Although plaintiff does not dispute that the first four statutory requirements are met, certification is not appropriate here because there is controlling precedent in the decisions of Oregon appellate courts. *See Western Helicopter Services*, 311 Or. at 364. As the Court already determined, the reasoning of *Moody* supplies the answer to defendant's first proposed question: yes, Oregon now "permit[s] a negligence *per se* claim in an insurance dispute based on an alleged statutory, extracontractual obligation not to engage in unfair claims settlement practices." MSJ Order 10. Similarly, the Court previously determined that the second proposed question is controlled not by *Moody*, but by a long line of Oregon Supreme Court decisions disfavoring contractual waivers of tort remedies. *See id.* at 12-13 (citing *Certain Underwriters at Lloyd's London*, 372 Or. 64, *Estey v. MacKenzie Eng'g Inc.*, 324 Or. 372, 927 P.2d 86 (1996), and *Waterway Terminals*, 242 Or. 1). Defendant identifies no caselaw that would call into question the controlling authority of these precedents.

Despite these previous findings, defendant contends that "the case law developing in the state courts demonstrates the need for controlling appellate resolution" of the first proposed question. Def. Mot. 17. This "developing" case law appears to consist of four unpublished Circuit Court cases. *See id.* at 8-9 (discussing *Crook v. Farmers Ins. Co. of Oregon*, Lane County Circuit Court, Case No. 24CV16661 (Oct. 29, 2024), *Walker v. Farmers*, Multnomah Co. Circuit Court, Case 24CV49143 (Feb. 14, 2025), *Gonzalez v. Farmers Ins. Exchange*, Lane County Circuit Court, Case No. 24CV08955 (Mar. 25, 2025), *Duran v. Farmers Ins. Co. of Oregon*, Multnomah County Circuit Court, Case No. 24CV59947 (Apr. 25, 2025)). But these cases do not address the questions that defendant proposes to certify. Each decision addresses what is required to plead and prove emotional distress damages in a *per se* negligence action following *Moody*; as defendant acknowledges, that is a distinct question from the availability of economic damages or the effectiveness of a contractual waiver of negligence liability. *See id.* at 9. Additionally, the certification test asks not whether there is some disagreement among trial courts, but whether there is an absence of "controlling precedent from either [the Oregon Supreme Court] or the Oregon Court of Appeals." *W. Helicopter Servs., Inc.*, 311 Or. at 365. Here, the controlling precedents set by *Moody* and and *Certain*

4

*Underwriters at Lloyd's London* and applied by this Court are not called into question by unpublished Circuit Court decisions addressing different questions.

Although defendant appears to disagree with the Court's application of these controlling authorities to the questions at issue, "[d]efendant's objections by themselves do not establish a reason for the Oregon Supreme Court to review this Court's holdings." *Pranger v. Oregon State Univ.*, No. 3:21-cv-00656-HZ, 2023 WL 111983, at *6 (D. Or. Jan. 4, 2023); *see Foraker*, 2019 WL 486177, at *3 (denying certification because, *inter alia*, "the Court has already explained why Plaintiff's theory is unreasonable and unsupported under Oregon law"). Because controlling authority exists as to both of defendant's proposed questions, the statutory criteria under ORS § 28.200 is not met.

Even if the statutory requirements were satisfied, there are compelling reasons for the Court to exercise its discretion and decline to certify defendant's proposed question.

First, "there is a 'presumption against certifying a question to a state supreme court after the federal district court has issued a decision' . . . because '[a] party should not be allowed a second chance at victory through certification.'" *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013) (alteration in original) (quoting *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)). Here, that presumption cuts strongly against defendant. Defendant spent more than eight pages across three summary judgment briefs discussing *Moody*, seemingly treating it as the controlling authority, and at no point indicated that the Court should certify the legal question at the heart of its argument to the Oregon Supreme Court. *See* Def. Mot. for Summ. J., ECF [43]; Def. Reply in Supp. of Summ. J., ECF [53]; Def. Resp. to Plf. Notice of Suppl. Authority, ECF [61]. It was not until almost three months after the Court rejected the arguments in its motion for summary judgment that defendant asked that the legal questions at issue be answered by the Oregon Supreme Court instead. *Compare* MSJ Order *with* Def. Mot. (filed June 13, 2025). But "certifying questions of law on an issue that the Court has already decided would only duplicate judicial efforts and delay the adjudication of [plaintiff's] claims." *Atlas Flooring, LLC v. Grupo Porcelanite S.A.*, No. 07-cv-1741-PHX-SRB, 2008 WL 11338397, at *3 (D. Ariz. Oct. 29, 2008).

To avoid duplication of judicial efforts, the proper time to request certification of questions

5

to the Oregon Supreme Court was before or in defendant's motion for summary judgment. *See Hinojos*, 718 F.3d at 1108-09; *Miller v. Watson*, No. 3:18-cv-00562-SB, 2023 WL 3602791, at *5 (D. Or. May 23, 2023) (denying motion because movant "could have moved to certify the question in his motion or reply or at oral argument, [but] waited to move to certify until after the Court denied his motion"). The timing here suggests that defendant is seeking two bites at the apple and weighs heavily against certifying the proposed questions to the Oregon Supreme Court. *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) ("A party should not be allowed 'a second chance at victory' through certification . . . after an adverse district court ruling." (quoting *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)); *Liquid Agents Healthcare, LLC v. Evanston Ins. Co.*, No. 1:20-cv-02225-CL, 2025 WL 914289, at *2 (D. Or. Mar. 26, 2025) ("Certification is presumed improper when the District Court issues an unfavorable opinion, and the losing party thereafter requests certification.").

Second, the Court is reluctant "to honor a request for certification from a party who chose to invoke federal jurisdiction." Wright & Miller § 4248. Defendant brought this case to federal court through removal. *See* Notice of Removal, ECF [1]. Removal already involves some amount of delay; defendant should not be permitted to delay proceedings further by running back to the court it initially sought to avoid. Put simply, if defendant "had wanted the [Oregon Supreme Court] to rule on the matter, [it] should not have removed the action to federal court." *Nat'l Bank of Washington v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988); *see Metz v. BAE Sys. Tech. Sols. & Servs. Inc.*, 774 F.3d 18, 24 (D.C. Cir. 2014) ("[O]ne who chooses the federal courts in diversity actions is in a peculiarly poor position to seek certification" (cleaned up)); *Atlas Flooring, LLC*, 2008 WL 11338397, at *3 (denying motion to certify questions because "if [movant] preferred to have [the state supreme] court rule on" the legal question at hand, "it need not have removed the action to this Court").

## CONCLUSION

For the reasons stated herein, defendant's motion to certify questions to the Oregon Supreme Court, ECF [78], is DENIED.

IT IS SO ORDERED.

DATED this 21stday of November, 2025.

_____
Adrienne Nelson
United States District Judge